McBRIDE, Judge.
Plaintiff, by this suit, seeks to recover from defendant the sum of $890.88, the alleged balance due on a verbal contract whereunder plaintiff undertook to perform certain work on the five-room double house of defendant located at 2004-06 Josephine Street, New Orleans. The petition alleges that plaintiff was to furnish all labor and materials necessary, and that he was to be paid “a reasonable sum over and above actual expenses and the value of petitioner’s own labor.” In addition to a judgment for the above sum, plaintiff also prays that his lien against defendant’s property, which is recorded in the Mortgage Office, be recognized and satisfied.
Defendant first filed an exception of nonjoinder of parties plaintiff, which was maintained by the lower court with leave to amend. Subsequently, by supplemental petition, one Noa Thibodeaux made himself a party plaintiff, it being alleged in the petition that the work was performed by “petitioner James B. Esposito * * * in conjunction with Noa Thibodeaux,” and judgment was prayed for in favor of ■both of'said parties. During the course of' the trial ■ in the court below, counsel dictated a stipulation into the record to the effect that if there was anything due by defendant, judgment therefor should be rendered in favor of plaintiff Esposito only.
After the commencement' of the trial, the judge directed plaintiffs to file a supplemental and amended petition setting forth an itemization of the materials and labor which went into the job. Such petition was filed, and the trial was resumed some months later. Ultimately, there was judgment in favor of Esposito for $739.48, with recognition of the lien against defendant’s property, from which judgment this appeal has been perfected, by D’Asaro.
The defenses .relied upon are, that the job was not completed in a workmanlike manner, that the price charged is exorbitant, and that defendant has not been given full credit for all payments made to plaintiff.
The witnesses disagree sharply as to some of the facts, but we glean from the record that the following are undisputed: the verbal contract was entered into between Esposito and defendant’s wife, no price being stipulated, the work contemplated being chiefly exterior and interior painting, but also repairs to plaster, the erection of two front and two rear cement steps, rebuilding half of a porch with replacement of rotted joists, furnishing and installing two gates, repairing leak in roof, and installing a new faucet; the work was done between September 17, 1946, and October 21, 1946, and all labor was performed by Esposito, Thibodeaux, and a workman named Williams; that during the course of the job, defendant paid Esposito $200 by checks, for which defendant is given credit.
D’Asaro insists that the job was poorly done, and points particularly to the painting. Two witnesses appeared for defendant, namely, Hille, á general contractor, and Hamlin, a painting contractor, both of whom characterized the painting work *358 as inferior. They said that exterior house painting, particularly, should not be done by means of a spray gun, as that implement is inadequate for such purpose. In addition, Hille found fault with the plastering, and stated that it was his opinion that the plaster had not been repaired “two or three years ago.” These witnesses, however, did not examine the work until about three years after it was completed. On the other hand, Esposito and Thibodeaux claim that the job was properly done, and in this they are supported by the testimony of Karl, who is a painter with twenty-four years of experience, and who saw defertdant’s house both before and after the job was done. Karl- stated that, in view of the condition of the house before the paint was applied, the work done by Esposito and Thibodeaux was highly satisfactory, and he saw nothing wrong with it whatever.
After a careful analysis of all the testimony, our conclusion is that there is no merit in defendant’s postulations that the jo'b was not completed in a workmanlike manner. It must be remembered that Karl saw defendant’s property both before and after the work was done, and because of that fact, we believe his testimony is entitled to the greater weight.
Esposito originally claimed that bills for materials aggregated' $336.88, but by stipulation the amount was subsequently reduced to $311.88. Esposito’s testimony is that he expended the latter amount for materials which went into the job, and as there is no countervailing evidence, we must deem the charge correct.
The labor charges amount to $713.-60, which includes $91 allegedly earned by the workman Williams, but Williams testified that the defendant had paid him all except $5 of his bill, and the court accordingly reduced the labor claim to the extent of $86. Esposito fixes his time on the job at 408 hours, and Thibodeaux’s at 158 hours. Contending that $1.10 an hour is reasonable, Esposito claims that rate for himself and Thibodeaux, and $1.30 for Williams’ time, the latter having done the carpentry and . cement work only. Even the witnesses for defendant admitted that the hourly rate charged for painting was in line with the prevailing rates at the time the work was done. Hamlin remarked that $1.12% would have been the proper wage scale. We cannot say that the charge for labor is excessive, except to the extent of the $86 above mentioned, and except for an error in calculation, which we shall mention later. Plaintiff’s witness Karl estimated that the painting work alone would have run to more than $1,000, while Hille and Hamlin assert that it could have been done for about half that’ amount. Here again we must remark that Karl saw the premises both before and after the paint was applied, and is in the better position to estimate the amount of labor required.
 The defendant contends that in addition to the $200 represented by the two checks which he gave Esposito, he is entitled to a further credit of $100, for a cash payment made by him to the mother of plaintiff, for which he received no receipt. Mrs. D’Asaro testified that she was present when her husband made the payment, and that she saw the money pass. Mrs. Es-posito denied strenuously that she received any money from D’Asaro. Applicable here is the time-honored rule that where a question of fact only is involved, the finding of the trial judge should not be disturbed. The judge resolved the question of the veracity of the witnesses in favor of plaintiff, and held that there was no $100 payment as the D’Asaros testified to, and as we perceive no manifest error in such finding, it should not be disturbed.
The evidence does show, however, that two other “payments” had been made by defendant to plaintiff, represented by two checks for $100 each, but the defendant directed his bank to refuse to honor the checks upon their presentation, and the plaintiff has never collected thereon.
The double dwelling involved here is an old structure, which, before the contract was entered into between the parties, was in a run-down state and badly in need of repairs, especially painting. One witness stated that a portion of the building had never been painted. Tenants had occupied the house for some time, and the *359 testimony intimates that the premises had never been given proper care. Esposito is a young 'man, and admittedly he and Thibodeaux had little or no experience as painters and contractors, which fact was well known to the defendant, but D’Asaro, nevertheless, entrusted the repair of his property to plaintiff. The performance of the work consumed more than a month, and undoubtedly, from time to time, D’Asaro saw the property and the progress of the work. While he claims that the job was defective in several respects, the evidence touching this point is too vague and uncertain for us to say that it was as defective as he would have us believe. His two witnesses, Hille and Hamlin, did not inspect the premises until about three years after the job had been completed, and it seems to us that if there were such defects existing as D’Asaro claims there were, he would have taken some steps during the three-year interval to have them corrected. His counsel, in brief, admits that plaintiff is due something for the job, but there is no evidence establishing exactly how much credit the defendant claims or expects for the alleged defective work. Perhaps there were minor imperfections, but we are convinced that there was a substantial compliance with the contract, and D’Asaro did not have the right to, refuse payment of Esposito’s bill, as the law relegates him to another remedy.
It is well settled that when a contractor substantially performs his work, even though it be defective or unfinished, the defendant’s only remedy is for. a reduction of the price to the extent of the damages sustained by reason of the defective performance of the contract. Reimann Construction Co., Inc., v. Upton, La.App., 170 So. 528; Merrill v. Harang, La.App., 198 So. 386; Brandin Slate Co. v. Bannister, La.App., 30 So.2d 877; Lillis v. Anderson, La.App., 21 So.2d 389.
It might be said in passing that all of the cited cases involve contracts stipulating a specific price, but we know of no good reason why the same rule should not as well apply in a case such as the one before us, where a contractor substantially Completes his job and presents his bill on a quantum meruit basis.
The trial judge ’ reduced the material charge by $25, according to stipulation of counsel, and the sum of $86 was subtracted •from the labor charges as aforesaid. There was a further reduction of $40.40 in the labor claim because of an error in calculation. The judgment is for $739.48, with recognition of plaintiff’s lien to that amount on defendant’s property, which is correct.
And it is hereby affirmed.
Affirmed.