61 So.2d 539 (1952)
MITCHELL
v.
SHREVEPORT LAUNDRIES, Inc., et al.
No. 7867.
Court of Appeal of Louisiana, Second Circuit.
October 31, 1952.
Rehearing Denied December 10, 1952.
Blanchard, Goldstein, Walker & O'Quin, Shreveport, for appellants.
Thomas M. Comegys, Jr., Shreveport, for appellee.
McINNIS, Judge.
The demand in this case is for $27.50, the price of a suit of clothes lost by the laundry, and $2500.00 for embarrassment, humiliation, anxiety, inconvenience and mental distress.
The suit is against the laundry and Harold Coburn, alleged to be the agent of the laundry. Plaintiff alleges that he left a suit of clothes with Coburn on April 17, 1946 to be cleaned and pressed, telling the said Coburn that he was to be married on April 25, 1946 at 5:00 P.M., and that he wanted the suit to wear at his wedding, and was assured that it would be ready for delivery to him before the day of his wedding, and relying on this assurance he left the suit to be cleaned and pressed, in the belief that the suit would be ready at the time agreed upon.
That his fiancee was an employee of a large corporation and had invited some eighty or more of her friends and fellow employees to attend the wedding, most of whom were strangers to him, and he was anxious to appear at his best, well groomed.
That he is of unusual size and physique, and difficult to fit, and he had spent a lot of time shopping before he could find a suit to fit him, that was in his means.
That he called on April 23, and was told that the suit was not ready but it would be the next day, and he called again on the 24th and was again told that the suit was not ready but would be available the next morning sure. That the next morning, April 25, the suit had still not been returned to the call station, and Coburn made *540 telephone calls and visited other call stations in an effort to find the suit, but it was never found.
That he had only one other good suit of clothes, of a light color that he had been wearing several weeks, and that it was noticeably soiled and unkempt in appearance, and that on the morning of April 25, when he discovered that the suit he intended to wear for his wedding was not going to be returned, he tried to find a new suit, but was unable to find one that would fit him, and that he was compelled to be married in the soiled suit in the church, in the presence of the friends and fellow employees of the bride, which caused him embarrassment, humiliation, and mental distress, all of which was due to the negligence, want of care and disregard of his rights by defendants, in failing to return the suit.
That he had reserved hotel accommodations in Dallas, Texas, where they went on their wedding journey, and he had to go on the journey with only the soiled suit, and that he was humiliated and embarrassed by being subject to ridicule of the guests of the hotel and the general public; that he tried to buy a suit in Dallas, but was unable to find one that was within his means. There are several alternative demands unnecessary to set out here. A trial by jury was asked for and ordered.
A motion for a bill of particulars was filed by defendant, and was answered by plaintiff, the details of which are unnecessary to be set forth here.
The suit was filed November 20, 1946. On December 13, 1946 a stipulation was filed in which it is admitted that defendants tendered plaintiff $27.50, the cost of the lost suit of clothes, and $25.00 for all damages sustained by him, together with costs to December 5, 1946, which tender was refused by plaintiff.
On December 28, 1946 defendants filed an answer, generally denying the allegations of plaintiff's petition, except to admit that he left the suit with Coburn, admitted to be agent of the laundry, and that he told Coburn that he wanted the suit on April 25, and claiming that he is entitled to recover only $27.50, the cost of the suit of clothes, but that defendants had tendered him this sum, together with $25.00 for damages, together with costs.
After trial before a jury plaintiff was awarded $27.50 for the cost of the suit of clothes and $350.00 for damages against Shreveport Laundries, Inc., rejecting his demand against Coburn.
A suspensive appeal was taken to the Honorable Supreme Court, which court considered the demand of plaintiff inflated and transferred the case to this court. Mitchell v. Shreveport Laundries, Inc., La.Sup., 60 So.2d 86.
In brief, plaintiff's counsel says he considered making a motion to dismiss the appeal to the Supreme Court for want of jurisdiction, but concluded to answer the appeal and ask for increase of the judgment to the amount sued for. We have not found in the record an answer to the appeal, however, the conclusion we have reached renders this unimportant.
The undisputed facts of this case are that plaintiff delivered the suit of clothes to Coburn, the admitted agent of Shreveport Laundries, Inc., on April 17, 1946, with the information that he was to be married April 25, and wanted the suit back by that date, and that the suit was lost and never returned. Coburn disputes the testimony of plaintiff to the effect that he (Coburn) was told that plaintiff wanted the suit back because he was going to wear it on the occasion of his marriage, however, this is of little importance, and was apparently resolved by the jury against the defendant's contention.
Defendant argues that the sole question in the case is whether or not the mental anguish, mortification and embarrassment for which the jury allowed plaintiff $350.00 are such damages as might have been foreseen by defendant at the time of making the contract and were the immediate and direct consequence of the breach of contract, citing LSA-C.C. Art. 1934:
"1. When the debtor has been guilty of no fraud or bad faith, he is liable only for such damages as were contemplated, or may reasonably be *541 supposed to have entered into the contemplation of the parties at the time of the contract. By bad faith in this and the next rule, is not meant the mere breach of faith in not complying with the contract, but a designed breach of it from some motive of interest or ill will.
"2. When the inexecution of the contract has proceeded from fraud or bad faith, the debtor shall not only be liable to such damages as were, or might have been foreseen at the time of making the contract, but also to such as are the immediate and direct consequence of the breach of that contract; but even when there is fraud, the damages can not exceed this."
It is contended that plaintiff's frugality in possessing only one good suit of clothes, and his failure to tell Coburn this fact is the cause of his embarrassment, etc.; however it is to be remembered that the suit of clothes was lost, and never returned to plaintiff. And on the question of foreseeability, the jury has resolved it in favor of plaintiff.
The third section of LSA-C.C. Art. 1934, not included in defendant's citation, reads as follows:
"3. Although the general rule is, that damages are the amount of the loss the creditor has sustained, or of the gain of which he has been deprived, yet there are cases in which damages may be assessed without calculating altogether on the pecuniary loss, or the privation of pecuniary gain to the party. Where the contract has for its object the gratification of some intellectual enjoyment, whether in religion, morality or taste, or some convenience or other legal gratification, although these are not appreciated in money by the parties, yet damages are due for their breach; a contract for a religious or charitable foundation, a promise of marriage, or an engagement for a work of some of the fine arts, are objects and examples of this rule.
"In the assessment of damages under this rule, as well as in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the judge or jury, while in other cases they have none, but are bound to give such damages under the above rules as will fully indemnify the creditor, whenever the contract has been broken by the fault, negligence, fraud or bad faith of the debtor."
Beginning with the case of Lewis v. Holmes, 109 La. 1030, 34 So. 66, 61 L.R.A. 274, damages of this nature have been awarded under this third section of Art. 1934.
In the Lewis case, supra, a bride's parents had ordered dresses for her trousseau, to be delivered on a certain date, and had been assured they would be so delivered. $575.00 was awarded in that case. Vogel v. Saenger Theatres, 207 La. 835, 22 So.2d 189, is another case where plaintiff was awarded $250.00 for embarrassment, etc. when excluded from admission to the theatre after having been sold an admission ticket. Another case where an award for inconvenience was made is Cooper v. Blanck, La.App., 39 So.2d 352, 361, citing Lewis v. Holmes, supra.
The defendant Shreveport Laundries, Inc., by its tender admitted that it was at fault. The jury after hearing the evidence, fixed the amount of damages at $350.00. Unless there is manifest error we should not disturb the verdict. The evidence is convincing that plaintiff informed the laundry's agent of the urgency for the return of the suit of clothes on time, and in our opinion the award made by the jury is supported by the record.
For these reasons the judgment appealed from is affirmed at the cost of defendant Shreveport Laundries, Inc., in both courts.