JANVIER, Judge.
Millard C. Baker, a general contractor, seeks to recover from Joseph W. Stamps, a balance alleged to be due for the renovation, under a written contract, of a bath *859 room in the residence of defendant Stamps in New Orleans.
Defendant denies any liability, contending that the work was never satisfactorily completed, that there are certain defects for the correction of which he will be required to expend substantially more than the balance claimed by plaintiff, that he has sustained considerable damage as a result of delay on the part of plaintiff in performing such work as has been done and that, for reasons which we shall hereafter set forth, he had already overpaid Baker for such work as was done.
Baker prayed for judgment for $484.31, and Stamps prayed for a dismissal of the suit of Baker and then, assuming the position of plaintiff in reconvention, prayed for judgment against Baker in the sum of $4,186.49.
From a judgment dismissing both the original and the reconventional demands, Baker, plaintiff, has appealed. Stamps has answered the appeal praying for an affirmance of the judgment insofar as it dismisses the suit of Baker, but praying that it be reversed insofar as it dismisses the recon-ventional demand and that he have judgment in reconvention as originally prayed for.
The contract provided for the renovation of the bathroom without setting forth any details of the work which was to be done, and it further provided that Balter was “to furnish all material and labor to complete said job * * *,” and that Stamps, the owner, was to pay Baker
“the net cost to Contractor of both material and labor with twenty (20%) per cent added thereto; such payments to be made from time to time as work progresses and statements rendered.”
The work was to be commenced on November 28, 1952 and was to be completed “on or before December 25, 1952.”
Though the work was not completed within the specified time, it was mutually agreed that work would be suspended during the Christmas holidays. Shortly thereafter there arose disputes as to whether there were defects and as to the causes of the delay, and early in March Stamps refused to pay certain bills which were submitted by Baker. This litigation resulted.
The record leaves no doubt at all that the work was substantially completed when Stamps refused to make further payments. It is well settled that in such situation the owner is required to pay to the ©ontractor such balance as may be due for the work which has been done, deducting such amount as the owner may be able to show may be required to correct the defects and to complete the work.
In Poche v. Landry, La.App., 57 So.2d 808, 812, we said:
“* * * the instant case comes within the principle set forth in a number of cases, to the effect that where a contractor substantially performs the work he contracts to do, even though it be defective or not finished, the only remedy available to the defendant is for a reduction of the price to the extent of the damages sustained by reason of the defective performance of the contract, which is the amount necessary to perfect or complete the work. Esposito v. D’Assaro, La.App., 49 So. 2d 356; Canulette & Son v. Clesi, La. App., 39 So.2d 853; Polizzi v. Thibo-deaux, La.App., 35 So.2d 660; Brandin Slate Co. v. Bannister, La.App., 30 So. 2d 877; Lillis v. Anderson, La.App., 21 So.2d 389; Merrill v. Harang, La.App., 198 So. 386; Reimann Const. Co. v. Upton, La.App., 178 So. 528.”
In Lillis v. Anderson, LaApp., 21 So.2d 389, 392, appears the following:
“While it is the general rule that a person suing to recover on a commutative contract must allege and prove that he has fully performed his part of the engagement in order to recover, it is the well-settled jurisprudence of this state that this doctrine is without application to suits brought on building contracts. Article 2769 of the Civil Code *860 provides: 'If an undertaker fails to do the work he has contracted to do, or if he does not execute it in the manner and at the time he has agreed to do it, he shall be liable in damages for the. losses that may ensue from his noncompliance with his contract.’ ”
This is so well settled that further discussion is unnecessary.
We dismiss without any lengthy discussion the claim of the owner for damages for delay. There is no demurrage clause in the contract, and under the conditions which were, shown here there is no right in an owner to claim such damage. We are convinced that the delay, or at least a substantial part of it, was caused by changes and additions which were required by the owner, or by failure to agree on the selection of certain iron work which was required or the selection of other materials in other parts of the work. Furthermore, in Lillis v. Anderson, supra, we.said:
“* * * The ciaim for $750 damages- for mental anguish; inconvenience, etc.-, allegedly suffered by defendants as a result of the breach of Contract cannot be recognized inasmuch as this type of damage is recoverable only in cases where the ■ contract has for its object the gratification of some intellectual enjoyment, etc. See Article 1934 of the Civil- Code. * * *”
The claim of Stamps - that he had already overpaid the contractor is based on his contention that the contractor should not have included, in the statements which from time to time were submitted to and paid by Stamps, the profit which each subcontractor admittedly made in. the execur tion of each subcontract. The defendant contends that the plaintiff agreed to furnish all labor and material and that therefore, included in .such labor and material, there should not" have ‘been a profit for any subcontractor. ,
We cannot agree ¡with this. The-owner well kne-W' that it was-contemplated, by him and -by the' general contractor that- certain subcontractors were necessary. ‘ For instance, the plumbing obviously was to be done by a subcontractor as was the laying of the tiles on the floor of the bathroom. Surely it was not intéríded that the general contractor, who must necessarily pay each subcontractor, would himself pay the profit which each subcontractor must of course include in the price of’ his work.
The record:shows that when the bill's of these subcontractors were paid by the plaintiff and his bill,.based on these, was submitted to the owner, the owner, knowing that the subcontractors had been paid and that their bills must have included a profit, paid each of these bills to the contractor without question.
If a contractor agrees that he will build a house for an owner according to certain plans and specifications and the owner agrees to repay him for labor and material, plus twenty per cent for the services of the contractor, surely the owner will be held to have anticipated that such of the work as must be done by subcontractors would be charged for at a price which would provide a reasonable profit for each subcontractor. Such an "owner could not be heard to say that the contractor not only could not charge his percentage on the profit of each subcontractor but that he, the contractor, .must-pay.such profit of each subcontractor out of his own pocket.
'■ [6] Since the work was substantially completed and’ since the law is well settled that- in such case the balance to which the contractor is entitled must be paid after the deduction of such amount as may be required to repair the def ects and to complete the work, and since the record convinces us that the amount claimed by the contractor ($462.31) is actually due since of the $484.31 originally ’claimed, $22 admittedly is not due, there remains for consideration only the question of how. much the defendant will have to pay to repair, the defects and to complete the work.
The evidence.- as to ■ the expenditures which will be necessary is not.-nearly so convincing as it might be, but we think that *861 it does substantially preponderate to the effect that $200 would be required to remove and replace the tile -flooring which was unquestionably defective and that $140 would be required to do over other parts of the wall and ceiling which, also, are obviously somewhat defective.
The proof on the other items claimed is not at all convincing. Consequently we think that plaintiff should be allowed to recover $462.31 less $340, which amount defendant will be required to expend if he desires to correct the defects and complete the work.
The judgment dismissing the reconven-tional demand was correct.
Consequently it is ordered, adjudged and decreed that insofar as the judgment dismisses the claim of plaintiff it be annulled, avoided and reversed and that there how be judgment in favor of plaintiff, Millard C. Baker, Jr., and against Joseph W. Stamps in the sum- of $122.31, with legal interest from judicial demand and that-in all other respects the judgment appealed from be affirmed; all at the cost of defendant. ■
Affirmed in part, reversed in part.