Elois N. SAHUC, Appellant,

v.

UNITED STATES FIDELITY & GUARANTY COMPANY, Appellee.

No. 20014.

United States Court of Appeals
Fifth Circuit.

June 19, 1963.

Irwin L. Tunis, Sehrt & Boyle, New Orleans, La., for appellant.

Albert Mintz, Montgomery, Barnett, Brown & Read, New Orleans, La., for appellee.

Before RIVES, LEWIS *, and BELL, JJ.

### GRIFFIN B. BELL, Judge.

The complaint in this case claimed property damages in the amount of forty seven thousand three hundred and fifty dollars, one hundred thousand dollars in damages for mental anguish, frustration, emotional upset and psychic trauma, and ten thousand dollars for future medical expenses. The complaint alleges that appellant purchased a hot water heater from M. Marx Sons, Inc. in August, 1961 and that it was installed by Marx on appellant's premises in Talisheek, Louisiana. In September the premises and its contents were destroyed by fire due to the negligence of Marx. It was also alleged that Marx breached its warranty by selling a heater not fit for the purposes for which it was intended, and in failing to install the heater in a proper and workmanlike manner. The suit was brought under the Louisiana Direct Action statute against appellee as the liability insurance carrier of Marx. It is undisputed that the policy provides coverage of only five thousand dollars for property damage liability. It provides coverage in the amount of one hundred—three hundred thousand dollars for personal injury.

Appellee moved to dismiss the action pursuant to Rule 12, Fed.R.Civ.P., or in the alternative for summary judgment pursuant to Rule 56(b), Fed.R.Civ.P., on the basis that the amount in controversy did not exceed ten thousand dollars, exclusive of interest and cost, inasmuch as the policy provided only five thousand dollars in property damage coverage, and no recovery was allowable for mental anguish, frustration, emotional upset and psychic trauma under the facts of the case.

Each side filed briefs in support of their respective positions in the District Court. Appellee pointed out that no claim was made for bodily injury as a result of appellant having been burned or otherwise directly injured by the fire, nor was a claim made for any psychic injury as a result of being involved in or present at the fire. Plaintiff was not even present at or a witness to the fire as he was out of town when it occurred. Counsel for appellant in his brief responded as follows:

"The complainant was not present when the fire started on his property in Bush, Louisiana, but arrived in summons to a telephone call from a neighbor. The complainant saw the conflagration destroy almost his entire farm. He was present during most of the fire."

It is to be noted that the property is now stated to be in Bush, Louisiana

rather than in Talisheek, Louisiana as alleged in the complaint. The court granted the motion and entered judgment for appellee. Appellant then moved to set aside the judgment and filed an additional brief in which counsel alleged:

"The plaintiff had witnessed the fire, having rushed back from Franklinton, Louisiana to Bush, Louisiana a distance of some 25–30 miles after having been called by telephone that smoke was emanating from his premises."

Appellant at no time attempted to amend his complaint to state that he witnessed the fire, nor did he offer any evidence, by affidavit or otherwise, to this effect. The court denied the motion to set aside the judgment and this appeal followed.

Whether appellant may prevail depends entirely on the presence or absence of the jurisdictional amount. In St. Paul Mercury Indemnity Company v. Red Cab Co., 1938, 303 U.S. 283, 58 S. Ct. 586, 82 L.Ed. 845, the court stated that: "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." Harris v. Illinois Central Railroad Company, 5 Cir., 1955, 220 F.2d 734. And this question in turn depends on whether the complaint states a cause of action under the Louisiana jurisprudence for recovery of damages for the mental anguish and psychic trauma allegedly sustained so as to invoke the personal injury coverage under the insurance contract.

It has long been the law in Louisiana that recovery may be had for fright or nervous shock unaccompanied by physical injury evidenced by objective symptoms. Stewart v. Arkansas Southern R. Co., 1904, 112 La. 764, 36 So. 676; Pecoraro v. Kopanica, La.App., 1937, 173 So. 203 and Holmes v. Lecour Corp., La.App., 1958, 99 So.2d 467. It is also the law of Louisiana that recovery may be had for mental suffering arising from the breach of a contract having for its object the gratification of some intellectual enjoyment. Lewis v. Holmes, 1903, 109 La. 1030, 34 So. 66, 61 L.R.A. 274, and Mitchell v. Shreveport Laundries, Inc., La.App., 61 So.2d 539.

Recovery was allowed in Stewart v. Arkansas Southern R. Co., supra, where a rough train ride occasioned fright, and was accompanied by personal injury. That case however, by way of obiter dictum which has been uniformly followed, makes it clear that there can be recovery for fright occasioned by the negligence of another even where no physical trauma, as distinguished from psychic trauma, is sustained. In Laird v. Natchitoches Oil Mill, 1929, 10 La.App. 191, 120 So. 692, recovery for the physical consequences resulting from fright where there was no contemporaneous physical injury was allowed. There a truck collided with a bicycle on which the plaintiff, a twelve year old boy, was riding. The bicycle was wrecked but the plaintiff sustained no physical injury. In Klein v. Medical Building Realty Company, Inc., La.App., 1933, 147 So. 122, recovery was allowed for fright unaccompanied by physical injury where plaster fell from a ceiling of an office occupied by the plaintiff. The court noted that any recovery must be on the theory that the accident resulted in traumatic hysteria, the noise from the falling plaster so frightening plaintiff as to produce that highly nervous condition of anxiety, fright, and apprehension which a patient is unable to put aside by the exercise of will power.

In Pecoraro, supra, recovery was denied where the claim was for injuries to the nervous system. A brick party wall owned by defendants fell and crashed into the side of a building where plaintiff was performing her household duties. She was not physically injured in any way but was frightened and became hysterical. The court recognized that recovery might be had in Louisiana for damages resulting from fright or nervous shock unaccompanied by physical injury evidenced by objective symptoms. However, the court pointed out that the

evidence did not show that plaintiff at any time was actually in fear of impending physical injury. She was not in any of the rooms which were in any way damaged by bricks from the wall. She thought the noise from the falling wall was the explosion of a laundry tank situated a considerable distance away which she had heard before. It was not until a few moments later that she discovered the noise was not the laundry at all, and by this time the noise from the falling wall had terminated, and there was nothing to cause her fear of any kind.

In Holmes v. Lecour Corp., supra, a truck crashed into a gas station owned by plaintiff, doing considerable damage including setting it on fire. Recovery was allowed for mental anguish sustained by plaintiff as a result of being an eye witness to the crash, and realizing that his property was so severely damaged. There was no physical injury. This case goes as far in the application of the doctrine of allowing recovery for mental anguish or psychic trauma as any Louisiana authority, and is the outer boundary of the doctrine to date as applied in the state courts.

In Clegg v. Hardware Mutual Casualty Co., 5 Cir., 1959, 264 F.2d 152, the plaintiff saw a truck suddenly swerve to avoid hitting school children alighting from a bus, hit several cars, and then run into gasoline pumps of a roadside filling station causing fire and widespread destruction. The plaintiff was standing near by but was not physically injured. His claimed psychic trauma and resulting damages led from the fact of his realization that he was a coward when he failed to help rescue victims of the holocaust. The jury ruled against him, but his claim, based on damages for mental anguish was permitted to go to the jury. Its facts stand, at least as a physical precedent, as the basis for a claim upon which relief may be granted, and is the outer boundary of the doctrine as applied in the federal courts.

The doctrine of permitting the recovery of damages for mental anguish suffered as a result of breach of contract has been limited to contracts having as an object the gratification of some intellectual enjoyment. Lewis v. Holmes, supra; and Mitchell v. Shreveport Laundries, supra. Thus, in Lillis v. Anderson, La.App., 1945, 21 So.2d 389, it was held that damages were not recoverable for mental anguish suffered as a result of the breach of a contract for building alterations and improvements. See also Baker v. Stamps, La.App., 1955, 82 So.2d 858.

■ We have reviewed the Louisiana jurisprudence, both from the standpoint of recovery of damages for psychic trauma arising from negligence, and from breach of contract in order to place in focus the claim of appellant as to damages exceeding the five thousand dollar property damage coverage under the policy. The contract to install a water heater could by no stretch of the imagination have had for its object the gratification of intellectual enjoyment, and we hold that no cause of action over and above the property damage coverage is stated in this regard.

■ All of the cases based on negligence have involved factual situations of fright or nervous shock leading from being present in or near an accident. Fright or shock, and presence as well as an accident are elements in each case. None goes so far as to hold under any analogy that a cause of action for damages is stated where a house burns while the owner is not present but suffers psychic trauma upon learning of the fire. This is the state of the pleadings and evidence. If we go one step further and give appellant the benefit, not of evidence or pleadings, but of what his lawyer had to say; that appellant witnessed a part of the fire after having been called on the telephone in a town some twenty five to thirty miles in distance from the scene, and after having returned to the scene, there is still no authority under the Louisiana jurisprudence to support a recovery. There is no evidence or even claim of fright, or of being involved in an accident, even if presence during a part of the fire is considered as alleged.

It does appear to a legal certainty that the claim of appellant is for less than the jurisdictional amount. It was, therefore, not error to dismiss the complaint.

The judgment is affirmed.

