215 So.2d 854 (1968)
Albert L. BOSTWICK
v.
AVIS RENT-A-CAR, Roy Bowers, and Gulf Shores Leasing Corporation and Allstate Insurance Company.
No. 7479.
Court of Appeal of Louisiana, First Circuit.
November 12, 1968.
Patsy Jo McDowell, Baton Rouge, for appellant.
Charles W. Franklin, of Franklin & Keogh, Baton Rouge, for appellees.
Before LANDRY, REID and SARTAIN, JJ.
*855 REID, Judge.
This is a suit for damages brought by the plaintiff as a result of an alleged wrongful conversion of property belonging to the plaintiff. The undisputed facts are as follows:
On approximately December 2, 1965, the plaintiff leased an automobile from the defendant, Gulf Shores Leasing Corporation, the franchise dealer of Avis Rent-A-Car. The defendant, Roy Bowers, was the owner and operator of the Gulf Shores Leasing Corporation and apparently Allstate Insurance Company was the insurer of Gulf Shores Leasing Corporation and Avis Rent-A-Car, although it is not clear from the record just exactly who Allstate insured under its policy. At the time the plaintiff rented the vehicle, he made a $25.00 deposit. On December 13, 1965, the car was found by a member of the Baton Rouge City Police in a parking lot on the grounds of Our Lady of the Lake Hospital in Baton Rouge. The plaintiff was asleep in the car. The officer called the defendant, Gulf Shores Leasing Corp., and brought the plaintiff and the leased vehicle to defendant's place of business. It is undisputed that the plaintiff had the car from the time that he leased it, approximately December 2, 1965 until it was returned on December 13, 1965, It is also undisputed that the plaintiff did not make any arrangements with the defendant in Baton Rouge in regard to extending the time in which he could keep the car. The record clearly shows that at the time that he got the car it was his intention to keep the car for one day, which was what he paid for. At the time the car was returned to the defendant the plaintiff had various articles of clothing and other personal possessions in the car. There is some dispute as to whether or not the plaintiff left these articles in the car through his own action or whether he was informed, as he alleged, by Mrs. Barlow, an employee of the defendant, that he could leave the clothes and retrieve them when he came back to pay for the car. Nevertheless, the clothes were left in the car. It is also undisputed that the plaintiff attempted to get the clothes back, but the defendants refused to give them back, holding the clothes apparently for the rental due. The plaintiff made an attempt in person, and plaintiff's mother had an attorney call the defendant and request that the personal possessions be returned to the plaintiff. The record also discloses that the defendants were not paid for the rental of the car, although there is evidence in the record to the effect that the plaintiff, through his father, attempted to make payment, which fact is denied by the defendants. It was upon these issues that the case was tried.
The plaintiff sued for damages for loss of his clothes and personal belongings, for damages for loss of a job and wages, and for mental anguish, suffering, embarrassment and humiliation, and for punitive damages. The Trial Court, after hearing the evidence, and for written reasons assigned on October 5, 1967, found in effect that the defendants had wrongfully converted defendant's property, but held that the legal maxim "di minimis non curat lex" applied in the instant case and awarded the plaintiff the sum of $1.00 and cast the defendants to pay all costs. This judgment was signed on November 28, 1967, as against all defendants, namely, Avis Rent-A-Car, Roy Bowers, Gulf Shores Leasing Corporation and Allstate Insurance Company. An amended judgment was signed on December 14, 1967, holding only the defendants Roy Bowers, Gulf Shores Leasing Corporation and Allstate Insurance Company. Avis Rent-A-Car had been omitted. The amended judgment incorrectly showed the judgment rendered on May 5, 1967, rather than October 5, 1967. Then on December 21, 1967 there was a judgment of dismissal signed by the Trial Judge, dismissing the suit insofar as Avis Rent-A-Car was concerned, and reserving to the plaintiff his causes of action against all other parties defendant. On January 4, 1968, the plaintiff entered an order of appeal only against the judgment rendered on October 5, 1967 and signed on November *856 28, 1967. It was from that judgment that this appeal was entered.
The plaintiff assigns two errors of judgment: (1) that the lower court was in error in applying the maxim "de minimis non curat lex" and awarding damages of only $1.00 and (2) that the Court was in error in signing an amended judgment and a judgment of dismissal after its judgment was signed in the case and without granting a rehearing, and without the attorney for plaintiff being present. Plaintiff alleges he was entitled to damages for the loss of his personal belongings, loss of the job, and damages for mental anguish, suffering, embarrassment, humiliation, and for punitive damages. It should be pointed out that on appeal the plaintiff has reduced the amount claimed for mental anguish, suffering and punitive damages from the total of $40,000.00 to $20,000.00 and has also apparently waived a $45.00 claim for reimbursement for photos. Plaintiff claimed $645.93 for loss of personal belongings and $25.00 as the value of gymnastic photographs; $2,275.00 for loss of job and wages; and as mentioned before $10,000.00 for mental anguish, etc. and $10,000.00 for punitive damages.
Before going into the discussion of the correctness or incorrectness of the Trial Judge's reasons for judgment as brought out by the evidence in this case, it should be pointed out that the record clearly shows that the plaintiff in this case is a young man who at the time of the said action had apparently gone from job to job, from college to college and suffered from some degree of instability, having by his own admission been admitted to a mental hospital prior to renting the car and who was again admitted shortly thereafter. The record also discloses that the plaintiff had attempted suicide and had repeatedly talked about suicide and had received psychiatric treatment.
The Trial Judge held that in his opinion the clothing held by the defendant consisted of several very dirty garments of no apparent value. The only evidence in the record as to any substantial value on any clothing was a statement of the plaintiff as to the amount of clothing he had in the car at the time the same was wrongfully converted. An examination of the plaintiff's testimony in this regard, and consideration of the other circumstances concerning his economic position and his lack of jobs, plus the other testimony and the fact that the Trial Judge viewed the evidence, it cannot be said that the Trial Judge was in error in holding that plaintiff failed to prove that there was any value whatsoever to the clothing.
Plaintiff contended that the action of the defendant in holding his uniforms cost him his job at Louisiana Creamery. The Trial Judge held that this action did not cause him to lose his job. This finding was based on the testimony of a supervisor from the creamery who testified that his report showed the plaintiff had reported he was ill and that if plaintiff had asked for a uniform he would have been provided one. A notation on the plaintiff's separation report showed that he worked three days out of seven, that he quit without notice, and indicated he was irresponsible. The testimony clearly shows that the holding of the Trial Judge in this regard is correct. Furthermore, there is nothing in the record which would substantiate plaintiff's claim that the action of the defendant in wrongfully withholding his clothes contributed to his subsequently having to have a stay of two months in Jackson. This is especially true in the light of the testimony of the plaintiff in regards to his other commitments to Jackson and for having psychiatric treatment.
This leaves one question, that is, whether or not the Trial Judge was correct in holding that the legal maxim "de minimis non curat lex" applies in this case. There is no question but what the defendants did wrongfully hold the plaintiff's clothing. Both the plaintiff and his father testified that they had made efforts to regain the clothing from the defendant, Gulf Shores *857 Leasing Corporation. In addition, there is the testimony of one Joe E. Thompson, an attorney in Baton Rouge, to the effect that he had several conversations concerning the return of the plaintiff's clothes, one with Mrs. Bowers and one with Mr. Bowers, and that when he informed Mr. Bowers that Mr. Bostwick would have a civil action to get his clothes back, he was informed by Mr. Bowers that if Mr. Bostwick pursued the civil action, Mr. Bowers would bring criminal charges for keeping the car past the deadline. Mr. Bowers also testified that he had instructed his employees not to give the plaintiff his keys.
The evidence in this case is clear that this was not the technical tort as stated by the counsel for defendant in his brief. This was not just a simple wrongful taking, with the return of the property upon demand. The defendants in this case refused over a long period of time, even when put on notice by an Attorney that they would be subject to a civil action, to return the property which admittedly belonged to the plaintiff. This action by the defendants was done purely and simply to pressure the plaintiff into paying the rental for the use of a car. Regardless of the rightness or the wrongness of the plaintiff's conduct or of his action in failing to pay the rental, the defendants, nevertheless, did have a legal remedy, and it is a well-settled axiom that the Courts in this state frown upon "self-help". There is no question but what the action of the defendants was an attempt to force the plaintiff to pay for the car. The jurisprudence of this state is now well settled that the conversion of the property of another is a tort, and that the invasion of private property can produce mental shock, anguish and humiliation. See LaFleur v. Sylvester, La.App., 135 So.2d 91; Nickens v. McGehee, La. App., 184 So.2d 271; Hayward v. Carraway, La.App., 180 So.2d 758.
In assessing damages in a case such as this, there is no way to accurately assess a true value. In the instant case, however, regardless of the actual value of the property, there is no question but what the plaintiff was for a period of time deprived of the use of some of his clothing, and also some of his personal possessions, such as photographs, to which he attributed some value, despite repeated requests to defendants for the return of the same, and it is therefore the opinion of this Court and an award of $250.00 is not excessive.
For the foregoing reasons, it is ordered, adjudged and decreed that there be judgment herein in favor of the plaintiff, Albert L. Bostwick, and against the defendants, Roy Bowers, and Gulf Shores Leasing Corporation and Allstate Insurance Company, jointly, severally and in solido, in the full sum of Two Hundred and Fifty ($250.00) Dollars with legal interest from judicial demand until paid and all costs of this suit, including the cost of this appeal and as so amended, the judgment of the trial court in all other respects is hereby affirmed.
Amended and affirmed.