**Faye WHITOBSKY, Plaintiff-Appellant,**

v.

**FORD MOTOR COMPANY, American Oil Company, and Glen Dinning Companies, Inc., Defendants-Appellees.**

**No. 26572.**

United States Court of Appeals
Fifth Circuit.

April 2, 1969.

Giles J. Duplechin, New Orleans, La., Joshua A. Tilton, Baton Rouge, La., for appellant.

Carl J. Schumacher, Jr., of Lemle, Kelleher, Kohlmeyer, Matthews & Schumacher, Harry McCall, Jr., David Stone, of Stone, Pigman, Walther, Whittman & Hutchinson, Chaffe, McCall, Phillips, Burke, Toler & Sarpy, New Orleans, La., for appellees.

Before THORNBERRY and DYER, Circuit Judges, and FISHER, District Judge.

PER CURIAM:

Appellant Faye Whitobsky filed suit against Ford Motor Company, American Oil Company, and Glen Dinning Companies seeking damages of $3500, the value of a 1969 Mustang, plus $150,000 for mental anguish. In her complaint, she alleged that defendant companies were negligent in representing to her that she had won a new Mustang in a promotional game and then later telling her that she had not won the new car after all. The court below dismissed for lack of jurisdictional amount.

■■ The complaint in a diversity case is subject to dismissal for lack of jurisdictional amount if it appears to a "legal certainty" that the plaintiff does not have a claim for $10,000 or more. See Jones v. Landry, 5th Cir. 1967, 387 F.2d 102. In this case, appellant does not have a claim for $10,000 or more unless under state law her allegations might entitle her to recovery for mental anguish. In Sahuc v. United States Fidelity & Guaranty Co., 5th Cir. 1963, 320 F.2d 18, this Court reviewed the law on mental anguish in Louisiana and reached the following conclusions: (1) Recovery may be had for fright or nervous shock unaccompanied by physical injury; (2) however, cases sounding in tort and based on negligence have gone no further than to permit recovery for fright or nervous shock leading from being present in or near an accident or from witnessing damage to one's property; (3) cases sounding in contract have gone no further than to permit recovery for mental anguish suffered as a result of breach of a contract having as an object the gratification of some intellectual enjoyment. If appellant's cause of action is in tort, her claim for mental anguish fails because she did not allege fright or nervous shock, was not present in or near an accident, and did not witness damage to her property. If her cause of action is in contract, her claim for mental anguish fails because the contract could by no stretch of the imagination have had for its object the gratification of some intellectual enjoyment.

Appellant relies on the old case of Nickerson v. Hodges, 1920, 146 La. 735, 84 So. 37, 9 A.L.R. 361, which was not cited by this Court in Sahuc. The facts of that case were that the defendants decided to play a trick on a woman who was digging for a pot of gold she believed was buried on a piece of property. They buried a pot full of rocks and dirt and put a note on top directing the finder to take the pot to a bank and open it in three days in the presence of specified individuals. The woman discovered the pot and complied with the directions. When she opened it in the presence of other people and saw that she had been defrauded, she flew into a rage and was never the same. As was known to those who deliberately deceived her, she had previously spent time in an asylum. The Supreme Court of Louisiana awarded damages for mental suffering although there was no accident or damage to property. An obvious distinction between that case and the one at

bar is that the woman who opened the pot full of rocks and dirt suffered shock as a result of a traumatic event, whereas Miss Whitobsky did not allege fright or nervous shock. More fundamentally, the reason for holding that the case at bar is controlled by negligence cases cited in *Sahuc* rather than by Nickerson v. Hodges is that Miss Whitobsky alleged negligence on the part of company officials which resulted in mental distress, whereas the tort in *Nickerson* was of an intentional nature, *i. e.,* the mental distress was intentionally inflicted. The law places more extensive responsibility on the tortfeasor who has committed an intentional tort than on one who has been negligent and the two types of cases are not to be confused. *See* Prosser, Law of Torts § 7, at 30–31 (3d ed. 1964); Annot., 64 A.L.R.2d 100, 115–126 (1959); Annot., 28 A.L.R.2d 1070, 1077 (1953).

It is our conclusion that appellant's complaint did not bring her within the area delimited by Louisiana cases for recovery of damages based on mental anguish. Therefore, the judgment dismissing for lack of jurisdictional amount is affirmed.