SAVOY, Judge.
This is an action ex-delicto. Liability is admitted by defendants; the issue involved being that of quantum. Plaintiff appealed alleging certain errors by the district court.
Plaintiff suffered slight injuries in the accident which occurred on June 28, 1968.
Counsel for plaintiff states that the trial judge was in error in not finding that plaintiff suffered an inguinal hernia as a result of the accident. The medical testimony as to the hernia was that given by Dr. Rodney Landreneau, Dr. Palmer J. Texada, and Dr. Edward Villemez, Jr., all general surgeons.
The accident in the instant case occurred on June 28, 1968. Plaintiff was first seen and examined by Dr. Landreneau on July 25, 1968. On his first examination the doctor did not detect that plaintiff had a hernia. He did find that plaintiff had a hernia on September 25, 1968. To counteract this finding, defendants had Drs. Palmer J. Texada and Edward Villemez, Jr. examine plaintiff.
Dr. Texada examined plaintiff on April 11, 1969, and on May 29, 1969, the trial date. The doctor testified that plaintiff did not have a hernia. In order to confirm his diagnosis, Dr. Texada sent plaintiff to Dr. Villemez for examination in April of 1969, prior to the trial.
Dr. Villemez was if the same opinion as Dr. Texada that plaintiff had no hernia.
Based on this medical testimony, the trial judge held that plaintiff did not have a hernia. We cannot say that the trial judge committed error. The medical evidence preponderated in defendants’ favor.
Counsel for plaintiff complains that the award of $500.00 for injury to the lower portion of his back is inadequate. The only physician who examined plaintiff for the back complaint was Dr. Landreneau. When first examining plaintiff, the doctor found evidence of a contusion of the back. While plaintiff suffered from chronic prostatitis, the court found that this condition did not cause a backache because the location of the pain in the back was at a higher level than that which would be attributable to prostate trouble. Plaintiff recovered from this back trouble on September 25, 1968. We are of the opinion that while the award is low, there is no abuse of discretion by the trial judge.
Counsel for plaintiff’s next complaint is that the district judge did not award plaintiff any damage for headaches related to the accident. Dr. Landreneau testified that he treated plaintiff for sinus trouble; that the headaches were also caused by tension brought on by worry about his physical condition. On cross-examination, the plaintiff testified he did not seriously complain about his headaches until seen by Dr. Landreneau for his sinus condition. The trial court found that this claim was too speculative. We cannot say that the trial judge committed error in refusing to allow damages for this item.
Counsel for plaintiff next complains that the award made by the district judge for loss of wages is inadequate. The trial judge allowed one day loss of wages and fixed this item of damages at $40.00. Plaintiff claimed to have lost eight days. The record reveals that from the date of the accident to the trial, plaintiff missed *706 work one day. That was on July 25, 1968, when he saw Dr. Landreneau. The award for loss of wages is adequate.
The next contention made by counsel for plaintiff is for depreciation to his car. Plaintiff contended that he is entitled to depreciation and for the cost of repair to his car. Plaintiff purchased the Pontiac automobile involved in the accident on June 24, 1968, new, and paid $4,511.46 for same. At the time of the accident, the vehicle was four days old and had been driven approximately 500 miles. The experts for both sides testified that the car depreciated from $200.00 to $300.00 even after repairs had been made as a result of the wreck. The district judge allowed the higher figure of $300.00 plus stipulated repairs of $895.93. We find no error in his finding.
Another contention raised by counsel for plaintiff is reimbursement for items paid for rental of another vehicle. The evidence reveals that plaintiff decided not to accept any settlement other than that which called for a new car similar to the damaged one. He could not find one like he wanted for some time. He rented another car in the meantime and is asking $770.00, the rental cost for approximately six weeks. The trial judge held that fourteen days was a reasonable time within which plaintiff should ascertain whether his car was a total loss, citing several Court of Appeal decisions. He fixed the rental at $230.85 by allowing fourteen days at $9.00 — $126.00; and 1,162 miles at $.09— $104.85; totalling $230.85. The rental bill showed mileage of 3,735 over a forty-five day period. The court divided the mileage by the number of days to reach a conclusion as to the average use of the car per day. It found the average to be 83 miles per day. We think this was a fair manner in which to show the amount which plaintiff should recover for rental of the vehicle used in his business.
The last contention raised by counsel for plaintiff is the disallowance by the trial judge for mental anguish for property loss caused through negligence. The court relied on our decision in Todd v. Aetna Casualty & Surety Company, 219 So.2d 538 (La.App. 3 Cir. 1969). In that case, while we recognized that some Courts of Appeal in this state had allowed recovery, we decided not to allow recovery in this type of case. We denied the application for rehearing, en banc. This may well be a matter for our Supreme Court to decide. However, we feel bound by our holding in-Todd, supra.
For the reasons assigned the judgment of the district court is affirmed at appellant’s costs.
Affirmed.