308 So.2d 884 (1975)
Versie M. FARR, Plaintiff-Appellant,
v.
Gus S. JOHNSON and Allstate Insurance Company, Defendants-Appellees.
No. 12538.
Court of Appeal of Louisiana, Second Circuit.
February 25, 1975.
Writ Refused April 24, 1975.
*885 Carl F. Walker, Monroe, for appellant.
Hudson, Potts & Bernstein by Ben R. Hanchey, Monroe, for appellees.
Before AYRES, PRICE and HALL, JJ.
HALL, Judge.
Plaintiff's lawn, home and some of its contents were damaged while plaintiff was away from home when defendant's automobile crashed into the front bedroom following a collision between defendant's automobile and another vehicle at an intersection caused by defendant's negligence in running a stop sign. After trial of plaintiff's suit against defendant and his liability insurer, judgment was rendered in plaintiff's favor for $2,208.94, covering damages to the residence, shrubbery, furniture, television set and cost of temporary repairs.
Plaintiff appealed, specifying as error the failure of the district court to award damages for mental anguish, inconvenience and worry caused her by the damage to her home. Defendants answered the appeal specifying as error the award of restoration cost of $219 for damages to the television set instead of actual market value of the set, less salvage value, or $80.
Mental Anguish
In addition to seeking recovery for damage to her property, plaintiff prayed for damages for "mental anguish". The evidence in this respect is that plaintiff experienced normal worry and mental consternation over the damage to her house and contents and the repair work which took about three weeks. There is no evidence that she was unusually upset or suffered any mental disorder of any consequence. She did not see a doctor, took no medication, required no treatment and was in no sense ill, injured or disabled. Plaintiff continued to occupy the home during the course of repairs.
The "mental anguish" which plaintiff experienced was the normal worry and distress that any owner is going to experience in some degree when his property is damagedworry over possible financial loss, settlement of insurance claims, discomfort or inconvenience while repairs are made, having to attend to repairs and the like. Every incident of damage to property is necessarily accompanied by some degree of worry or mental upset on the part of the owner of the damaged property.
Such minimal worry over the consequences of damage to one's property is not "damage" which one whose fault caused damage to the property is obligated to repair under LSA-C.C. Arts. 2315 and 2316. Stated otherwise, the duty not to negligently cause damage to another's property does not protect against the risk of causing minimal and normal worry and inconvenience to the owner of the property as a consequence of the property damage.
There are cases in which damages were awarded for mental anguish and inconvenience to persons whose property was damaged by intentional or illegal acts, or acts giving rise to strict or absolute liability, or acts amounting to a continuing nuisance. *886 Fontenot v. Magnolia Petroleum Co., 227 La. 866, 80 So.2d 845 (1955); McGee v. Yazoo & M. V. R. Co., 206 La. 121, 19 So.2d 21 (1944); Dodd v. Glen Rose Gasoline Co., 194 La. 1, 193 So. 349 (1939); Nickerson v. Hodges, 146 La. 735, 84 So. 37, 9 A.L.R. 361 (1920); Daquano v. Brady, 242 So.2d 302 (La.App. 1st Cir. 1970); Kogos v. Rittiner, 228 So.2d 62 (La.App. 4th Cir. 1969) writ ref. 255 La. 243, 230 So.2d 93; Bostwick v. Avis Rent-A-Car, 215 So.2d 854 (La.App. 1st Cir. 1968); Trahan v. Florida Gas Transmission Co., 208 So.2d 550 (La.App. 3d Cir. 1968); Nickens v. McGehee, 184 So.2d 271 (La.App. 1st Cir. 1966) writ ref. 249 La. 199, 186 So.2d 159; Hayward v. Carraway, 180 So.2d 758 (La.App. 1st Cir. 1965); Belgarde v. City of Natchitoches, 156 So.2d 132 (La.App. 3d Cir. 1963); Loeblich v. Garnier, 113 So.2d 95 (La.App. 1st Cir. 1959); Seals v. Hartford Acc. & Ind. Co., 88 So.2d 732 (La.App. 1st Cir. 1956); Givens v. Town of Ruston, 55 So.2d 289 (La.App. 2d Cir. 1951); Oglesby v. Town of Winnfield, 27 So.2d 137 (La.App.2d Cir. 1946); Griffin v. Hunt Tool Co., 286 F.Supp. 402 (E.D.La.1968); See 15 La.L. Rev. 451, pp. 455-462.
There are also cases in which damages for mental anguish were allowed to persons whose property was damaged where the persons were present or nearby when the accident causing the damage occurred and experienced a real psychic trauma in the nature of or similar to a physical injury as a direct result of the incident itself. Speight v. Southern Farm Bureau Ins. Co., 254 So.2d 485 (La.App. 3d Cir. 1971); Cooper v. Christensen, 212 So.2d 154 (La.App. 4th Cir. 1968); Lambert v. Allstate Ins. Co., 195 So.2d 698 (La.App. 1st Cir. 1967); Holmes v. LeCour Corp., 99 So.2d 467 (La.App.Orl.1958).
Without analyzing in this opinion the varying rationale of the cases allowing recovery, it should suffice to say they are distinguishable from the instant case where the act causing the property damage was simple negligence, the property owner was not present and received no direct mental injury from the act itself, and the "mental anguish" proven amounted to minimal worry and inconvenience over the consequences of the damage.
Consistently, there are cases denying recovery for "mental anguish" to persons whose property was damaged where the person was not present when the incident occurred or where the act causing the damage was not intentional, or both. Carimi v. Saia, 301 So.2d 895 (La.App. 4th Cir. 1974); Bergeron v. Tarver, 233 So.2d 704 (La.App. 3d Cir. 1970); Todd v. Aetna Cas. & Surety Co., 219 So.2d 538 (La. App. 3d Cir. 1963); Whitobsky v. Ford Motor Company, 409 F.2d 487 (5th Cir. 1969); Sahuc v. U. S. F. & G., 320 F.2d 18 (5th Cir. 1963). Todd, an important decision in this area, employed the duty-risk approach in denying recovery to the survivors of a decedent who experienced mental anguish resulting in a fatal heart attack after his automobile had been damaged by the nonintentional negligence of a driver when decedent was not present. In Bergeron, the same court cited Todd and stated plainly that in the Todd case "we decided not to allow recovery in this type of case".
In the Carimi case, supra, very recently decided by the Fourth Circuit, recovery for emotional stress unaccompanied by physical injury or by stresscaused illness or injury was denied where plaintiff was not present when his parked car was damaged.
These latter cases control the decision in the instant case. Plaintiff is not entitled to recover for "mental anguish".
Damage to Television Set
The damaged black and white television set was several years old but in excellent condition. Its original cost was $329. It was established by plaintiff that the cost of repairing the set was $246.22, a high figure due largely to the difficulty in getting parts for an old set. It was established *887 by defendant that the fair market value of the set was $80-$100, with a salvage value of $10-$20 after the accident. It was further established that a comparable new set could be bought for about $219. The district court awarded $219.
The trial court has great discretion in fixing damages in a case such as this. The primary objective is to restore the injured party in as near a fashion as possible to the state in existence at the time immediately preceding the injury. The usual tests do not always apply and achieve this result in the case of household furniture and personal items. We find no error in the trial court's award, which appears reasonable under the circumstances.
For the reasons assigned, the judgment of the district court is affirmed at appellant's costs.
Affirmed.