United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 30, 2005**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 04-31211

JOYCE T YOUNG; MALCOLM P WHITLOW, II; SANDRA MCCRAY;
BILLY MOHABI; EDWARD FOREMAN; ET AL.

Plaintiffs-Appellants,

v.

EXXONMOBIL CORPORATION,

Defendant-Appellee.

JESSIE H JACKSON; ET AL.

Plaintiffs-Appellants,

v.

EXXONMOBIL CORPORATION,

Defendant-Appellee.

HATTIE OKOYE; ET AL.

Plaintiffs-Appellants,

v.

EXXONMOBIL CORPORATION,

Defendant-Appellee.

VERONICA POWELL; ET AL.

Plaintiffs-Appellants,

v.

EXXONMOBIL CORPORATION,

Defendant-Appellee.

NIADIA BELL; ET AL.

Plaintiffs-Appellants,

v.

EXXONMOBIL CORPORATION,

Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of Louisiana, Baton Rouge
3:00-MD-1

Before BENAVIDES, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

In this direct civil appeal, Plaintiffs-Appellants challenge the district court's granting of summary judgment on behalf of Defendant-Appellee ExxonMobil Corporation. For the reasons that follow, we affirm.

## I. Background

This case is a consolidation of five class action suits removed from state court. The Appellants allege that on or about November 22, 2000, they suffered a variety of personal injuries and other losses due to a chemical release at an ExxonMobil plastics plant in Baton Rouge, Louisiana. The district court granted summary judgment in favor of ExxonMobil on all claims. The court found that the Appellants failed to submit evidence showing injury, causation, or breach of duty on the part of ExxonMobil.

The Appellants concede summary judgment on most claims but appeal the grant of summary judgment on their claims for "fear and fright, emotional distress and mental anguish, discomfort and inconvenience." These claims fall under the umbrella of "emotional distress."[1] The Appellants argue that the district court erred

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The district court also grouped the claims this way, and the Appellants admitted that "fear and fright" is part of an

when it held that a plaintiff cannot prevail on an emotional distress claim under Louisiana law without proof of physical injury. As this case falls within federal diversity jurisdiction, this Court must apply Louisiana law. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 79–80 (1938).

## II. Discussion

This Court reviews a district court's grant of a summary judgment *de novo*, applying the same standards as the district court. *Hirras v. Nat'l R.R. Passenger Corp.*, 95 F.3d 396, 399 (5th Cir. 1996). The evidence should be viewed in the light most favorable to the nonmoving party, and the record should not indicate a genuine issue as to any material fact. *Am. Home Assurance Co. v. United Space Alliance*, 378 F.3d 482, 486 (5th Cir. 2004).

A party opposing summary judgment cannot simply rest on the pleadings but must provide competent evidence that creates a genuine issue of material fact as to each and every element of the cause of action. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). The nonmoving party must direct the court to

---

emotional distress claim. The Appellants argued that "inconvenience" was a distinct claim, citing *Elston v. Valley Electric Membership Corp.*, 381 So. 2d 554, 556 (La. Ct. App. 1980), and *Farr v. Johnson*, 308 So. 2d 884, 885–86 (La. Ct. App. 1975). Both of these cases awarded "inconvenience" damages after the plaintiffs proved property damage. In the present case, the Appellants offered no evidence of property damage and conceded summary judgment on the claims that alleged property damage.

3

specific evidence that shows it can prove to a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). This is not satisfied by "some metaphysical doubt as to the material facts," "conclusory allegations," "unsubstantiated assertions," or "only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal citations omitted). Any factual controversy will be resolved in the nonmovant's favor but only "when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999).

After a thorough review of the record and the arguments of the parties, we find that the Appellants fail to point to one piece of evidence that proves their emotional distress claim. Instead, the Appellants fashion their arguments in a conclusory fashion based solely on the pleadings. The district court found that the Appellants failed to provide evidence on each element of an emotional distress claim: duty, breach, injury, and causation. Their burden remains unmet. No affidavit, deposition, document, or other type of evidence shows that the Appellants even suffered any type of distress or fear.[2] Both parties must submit evidence of

_____

[2] The district court provided the Appellants opportunities for discovery. The court granted summary judgment more than two years after the case was removed to federal court and after a magistrate imposed an order that defined specific questions the Appellants were to answer. The Appellants failed to provide any answers despite the magistrate's warning that such a failure likely would begin the summary judgment process.

4

contradictory facts, *Little*, 37 F.3d at 1075, and in this case the Appellants simply have failed to do so.

In most circumstances, plaintiffs claiming emotional distress in Louisiana must prove that they suffered physical injury. *Moresi v. State Dep't of Wildlife & Fisheries*, 567 So. 2d 1081, 1096 (La. 1990). While Louisiana law allows for some exceptions to the physical injury requirement, this Court need not determine if the Appellants fit within those exceptions given the complete absence of summary judgment proof of emotional distress.

## V. <u>CONCLUSION</u>

The Appellants failed to raise a genuine issue of material fact, and therefore the district court properly granted summary judgment to ExxonMobil. For the foregoing reasons, we AFFIRM.