McCLENDON, J.,
dissents in part.
|,I disagree with the majority’s holding that emotional distress damages are recoverable under the facts of this case. Louisiana courts have recognized recovery for mental anguish for damage to property in four limited circumstances, including recovery of such damages for acts in which the tortfeasor is strictly liable. See Farr v. Johnson, 308 So.2d 884, 885-86 (La.App. *1251 2 Cir.), applications not considered, 310 So.2d 854, 315 So.2d 143 (La.1975). However, Louisiana Civil Code art. 2317 no longer imposes strict liability upon the tortfeasor, but rather utilizes a negligence standard. See e.g., Frank L. Maraist and Thomas C. Galligan, Jr., Louisiana Tort Law, § 14.02 (2004) (“Consequently, the addition of ‘knowledge’ as part of the plaintiffs case-in-chief sounds the death knell for Article 2317 strict liability.”) and William E. Crawford, Tort Law, Louisiana Civil Law Treatise Volume 12, § 25:3, pp. 683-84 (2009) (“... [T]he legislature dramatically returned the articles [including 2317] to negligence standards with explicit language.”) Accordingly, because Article 2317 is no longer a strict liability article and because I find that none of the other circumstances recognized: by the court in Farr are applicable under the facts of this case, I would reverse the trial court’s judgment to the extent that it awarded damages for emotional distress.