408 So.2d 446 (1981)
Julius L. BEASLEY
v.
Chester P. MOUTON.
Chester P. MOUTON
v.
Jerry BEASLEY, et al.
Nos. 14512, 14513.
Court of Appeal of Louisiana, First Circuit.
December 22, 1981.
*447 Ronald W. Wall, Bradley & Wall, Baker, for plaintiff/appellant.
Walton J. Barnes, II, Zachary, for defendant/appellee.
Before CHIASSON, EDWARDS and LEAR, JJ.
LEAR, Judge.
These appeals concern two suits which were consolidated and tried together. Chester P. Mouton (Mouton) had leased certain real property to Mike Clark (Clark). Thereafter, in an action entitled "Chester Paul Mouton v. Mike Clark", No. 844 on the docket of the Baker City Court, Mouton sued Clark for past due rent, and seized certain movable property located on the leased premises. These seized movables included a welding machine, which was located under a tree on the leased premises. Judgment was rendered in favor of Mouton and against Clark in the above referred to suit on March 10, 1980. On April 30, 1980, Julius L. Beasley (Beasley) filed suit against Mouton, alleging that he was the owner of the seized welding machine, that the seizure was improper and that the judgment confirming the seizure should be annulled. He obtained a temporary restraining order preventing the sale of the welder. After a hearing, a preliminary injunction was denied and the previously issued restraining order was recalled. Beasley's petition was then amended to substitute B & U Dozer and Equipment Company (B & U) as plaintiff, and the wrongful seizure and nullity actions continued.
On May 14, 1980, Mouton filed a trespass action against Beasley and his son, Jerry Beasley (Jerry). Mouton alleged that, after he had seized the welding machine, Jerry, acting for and on the instructions of his father, entered his (Mouton's) premises and removed the welding machine. After the machine had been removed from Mouton's premises, the police were summoned and found the machine in Jerry's possession. Jerry was then instructed to return the machine to Mouton's premises, which he did.
After a trial on these consolidated suits, judgment was rendered in the nullity action against Beasley and in favor of Mouton, and Beasley's suit was dismissed. In Mouton's trespass action, judgment was rendered in his favor and against Beasley and his son Jerry, in the amount of $750.00.
In the nullity action, it was alleged that B & U was the owner of the welding machine, that the seizure was improper and unlawful and that the judgment confirming the seizure was not "legally obtained and should be annulled." Without addressing Beasley's right to seek to nullify a judgment in an action in which he was not a party, and allowing, for the sake of argument, that the seizure and sale of property *448 of which he claims ownership could be an "ill practice", ownership of the seized property must at least be proven in order to nullify the judgment.
Testimony concerning ownership of the welding machine at issue was extremely contradictory. Beasley and his son Jerry testified that B & U owned the welding machine and that it had been rented to Clark. However, Beasley, who had allegedly entered into the rental arrangement with Clark, was unable to give the details of the rental, such as the length of the rental or even the amount of the rental fee. While Jerry testified that he at one time heard Beasley and Clark discuss the welding machine, he did not hear any of the details of the alleged rental agreement. Two other witnesses testified concerning Beasley's ownership of the machine; however, their testimony shows that they had no personal knowledge of its ownership and that their testimony was merely an assumption of this fact. Mouton, on the other hand, testified that the welding machine was on Clark's property prior to the time it was supposedly rented to Clark by Beasley. Mouton also testified that Clark had told him, at least three times, that he (Clark) owned the welding machine.
In the case of Foreman v. Kent, 336 So.2d 271 (La.App. 1st Cir., 1976), citing Canter v. Koehring Co., 283 So.2d 716 (La.1973), we stated that:
"... [W]here, as here, the decision rests primarily on the determination of credibility, the trial judge is peculiarly better able than we to separate the facts from the fluff. It is a well recognized principle of appellate review that we apply."
The issue of ownership in this case rests on widely conflicting testimony. Thus, it was necessary for the trial court to consider the credibility of each witness and determine for itself which testimony was to be accepted and which rejected. Under these circumstances, and after reviewing this entire record, we do not find that the trial court erred in holding that plaintiff Beasley failed to carry his burden of proof on the issue of ownership of the welding machine. It is apparent that the trial court accepted Mouton's version of the facts.
Accepting the trial court's finding on the issue of ownership, we find that the trial court's rejection of Beasley's (B & U's) claim of nullity and the claim for illegal seizure and for loss of rentals was correct.
With regard to Mouton's action for trespass, the evidence is clear that Beasley became aware of Mouton's claim of privilege on and the seizure of the welding machine on or about August 10, 1979. The evidence further indicates that thereafter Beasley instructed his son Jerry to enter Mouton's premises and remove the welding machine, which he (Jerry) did. It is undisputed that Beasley was not authorized by Mouton or otherwise to enter Mouton's premises, nor was it lawful for him to remove or instruct others to remove this welding machine. Both Beasley and his son Jerry are clearly liable to Mouton for this trespass.
We have recognized the right of one wronged by trespass to recover damages for mental anguish, humiliation and embarrassment. Loeblich v. Garnier, 113 So.2d 95 (La.App. 1st Cir., 1959). With regard to the amount of damages to be assessed against a trespasser, both for the invasion of the plaintiff's property right and the resulting mental anguish, humiliation and embarrassment, the trial court is afforded much discretion. Boswell v. Roy O. Martin Lumber Co., Inc., 363 So.2d 506 (La.1978). In this case, the trial court determined that the amount of $750.00 was an appropriate award in order to compensate Mouton for the trespass.
The record indicates that the welding machine removed from Mouton's property was being held by him, as custodian, under a writ of seizure. The evidence indicates that Mouton took this responsibility seriously and that he was distressed by this removal. He was further inconvenienced by the necessity of summoning the police in order to stop the removal and cause the property to be returned, and testified that the police cars and the commotion which *449 took place at his house caused him to be embarrassed and humiliated. There was also the fact of the trespass itself, for which compensation is due.
This evidence was undisputed, and properly accepted by the trial court. We do not find that the trial judge abused his discretion in assessing damages and awarding Mouton the amount of $750.00.
For the foregoing reasons, the judgments of the trial court in both suits (Appeal No. 14,512 and Appeal No. 14,513) are affirmed. Appellants are to pay all costs.
IN APPEAL NO. 14,512: AFFIRMED.
IN APPEAL NO. 14,513: AFFIRMED.