423 So.2d 1233 (1982)
Dr. David J. VIAL
v.
SOUTH CENTRAL BELL TELEPHONE COMPANY.
No. 5-143.
Court of Appeal of Louisiana, Fifth Circuit.
November 10, 1982.
Rehearing Denied January 17, 1983.
*1235 Leon C. Vial, III, Hahnville, for plaintiff-appellee.
R. Patrick Vance, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for defendant-appellant.
Before BOUTALL, BOWES and CURRAULT, JJ.
CURRAULT, Judge.
This appeal arises from a trial court judgment rendered in favor of plaintiff-appellee, Dr. David J. Vial, and against defendant-appellant, South Central Bell Telephone Company, for damages pursuant to an action in trespass.
The facts reveal that in 1956 appellant obtained from appellee's predecessor-in-title a twelve-foot wide right-of-way on the subject property. The servitude extends along two contiguous boundary lines. In 1972, appellant entered the property and installed several conduits and cables outside of the right-of-way. Appellee subsequently purchased the land in 1973. Several years later, in 1976, appellants again entered the property to install five underground manholes for access to the conduits. These installations were also placed on appellee's property outside of the servitude. In both instances appellant acknowledged that the installations were constructed out of the servitude unknowingly and mistakenly. Sometime in 1976, after observing appellant's activity on the property, appellee hired a surveyor to determine his legal rights. The survey commenced on July 15, 1976, and was completed on August 3, 1976. It revealed that appellant's constructions were located beyond their servitude boundaries. On August 6, 1976, appellee's attorney notified South Central Bell of the problem. Following appellant's failure to either relocate the manholes or compensate appellee for the trespass, suit was filed on May 23, 1977.
After denying appellee's exception of prescription, the case was tried on the merits. Judgment was rendered on April 27, 1981, awarding appellee, Dr. Vial, $24,312 for damage to land taken for the manholes, $30,200 for damage to land lying between the manholes, and $15,000 for mental anguish, pain and suffering with legal interest from date of judicial demand plus all costs.
South Central Bell Telephone Company appeals that judgment.

*1236 ISSUES PRESENTED ON APPEAL
(1) Whether the trial court erred as a matter of law in failing to find that an action for trespass has prescribed.
(2) Whether the trial court erred as a matter of law in refusing to apply the St. Julien Doctrine.
(3) Whether the trial court erred in assessing damages to the land taken for the manholes.
(4) Whether the trial court erred as a matter of law and/or abused its discretion in its award of $30,200 in damages for the land between the manholes.
(5) Whether the trial court erred as a matter of law and/or abused its discretion in awarding appellee $15,000 for damages for mental anguish and pain and suffering.

ISSUE NO. 1
Did the trial court err in failing to find the action in trespass had prescribed?
An action in trespass prescribes one year from the date knowledge of damages is received by the owner. LSA-C.C. art. 3537. The jurisprudence has long recognized that knowledge may be actual or constructive. Poirier v. Burton-Swartz Cypress Co., 127 La. 936, 54 So. 292 (La.1911); Reymond v. Sumrall, 67 So.2d 925 (La.App. 1st Cir.1953). Constructive knowledge occurs where plaintiff has been put on sufficient notice to require investigation. He must file suit within the year from the date he received such knowledge. Poirier, supra; Reymond, supra. Where the trespass is a continuing one, however, prescription does not begin to run until the offending object is removed. Joseph A. Neyrey, Gen. Cont. v. Louisiana Power and Light Co., 347 So.2d 266 (La.App. 4th Cir.1977), application denied, 350 So.2d 897 (La.1977). The record clearly reveals that the conduits and manholes, mistakenly placed outside the servitude, continued to illegally occupy appellant's property at least until the date of trial. It is further indisputably evidenced by the record that appellant began construction on the manholes in January, 1976, but that appellee did not commission a survey until July, 1976. The results of that survey became available in August, 1976, and apprised appellee of the trespass.
While appellant raised several issues in the trial of the matter, the trial court found as a matter of fact that appellee did not receive actual notice of the trespass until August and further that appellant's activities did not cease until July rather than April, 1976, as contended by appellant.
Our review of the record and the law pertinent to these facts leads this court to conclude that appellant's arguments are without merit for several reasons.
Under the standard elucidated in Neyrey, supra, appellant's continuing occupation of land belonging to the property owner constitutes a continuing trespass, and as such prescription is inapplicable. Furthermore, even absent a finding of continuing trespass, we fail to perceive the necessary elements required for prescription in those cases where the trespass has ceased. The trial court found, and we cannot find manifest error in its findings, that both actual knowledge and cessation of the activities occurred within the prescriptive period. In the absence of manifest error, we are restrained from disturbing those factual findings. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring, 283 So.2d 716 (La.1973). In addition, our review leads this court to conclude that constructive knowledge cannot be imputed to appellee since appellant owned a legal servitude giving them the right to be in the area that their employees were working. Absent a survey, no trespass could have been determined due to the fact that the servitude was only twelve feet wide. Thus, we affirm the trial court's holding that as the suit was filed timely, the action was not prescribed.

ISSUE NO. 2
Did the trial court err in failing to apply the St. Julien Doctrine?
The St. Julien Doctrine developed jurisprudentially as an adjunct to and deviation from Louisiana's expropriation laws. LSA-C.C. arts. 2626-2641. Dating back to St. Julien v. Morgan's Louisiana & Texas Railroad *1237 Co., 35 La.Ann. 924 (1883), the doctrine provided public or quasi-public corporations possessing the power of expropriation a method of acquiring servitudes or rights-of-way over the land of another without resort to expropriation proceedings. However, it was necessary that the landowner had knowledge of the construction and consented to it or acquiesced in it. Allowing the structures to remain, it granted the landowner damages only for their presence. Lake, Inc. v. Louisiana Power and Light Co., 318 So.2d 911, 912 (La.App. 4th Cir. 1975); reversed 330 So.2d 914 (La.1976). The Louisiana Supreme Court in Lake, supra, overruled the doctrine prospectively as it related to acquisition of discontinuous apparent servitudes; however, in October of the same year, the legislature enacted the Doctrine in LSA-R.S. 19:14. Appellant urges and we agree that neither the Lake decision nor the legislative pronouncement are applicable here since the conduct in question began in January, 1976 and ended in July, 1976. Thus, if the facts dictate, the case herein is subject to the original jurisprudential requirements.
Implicit in the St. Julien Doctrine is proof that the taking of property is necessary for the general use. LSA-C.C. art. 2626. Explicitly, it requires a consent or acquiescence by the landowner to the taking of the property without expropriation proceedings. The landowner consents or is presumed to have consented to that which an expropriation suit would have compelled him to yield. Moore Planting Co. v. Morgan's Louisiana & Texas Railroad Co., 126 La. 840, 53 So. 22 (1910).
The facts of this case, as evidenced by the record, indicate the trial judge was correct in rejecting the St. Julien Doctrine defense. Appellant, by its own admission, negated the necessity requirement and stated throughout the entire proceedings that the constructions were inadvertently placed outside the servitude. In testimony their employee, the project engineer in charge of the manhole installations, failed to refute that assertion. No convincing evidence was presented which would show that the installations constructed in 1972 or 1976 required land in excess of the servitude already existing.
The record reveals as well that appellee acted promptly in opposing the appellant's actions. As soon as the survey determined trespass had occurred, a letter was mailed to appellant raising objections to their conduct.
Clearly the St. Julien Doctrine does not apply here since both public necessity and consent, presumed or otherwise, are absent under the facts. A finding of negligent trespass is, however, supported by the evidence.
The project engineer testified the property was staked at some point in anticipation of the 1976 manhole construction, but that the stakes were lost subsequently. No one discovered the error. The engineer admitted that he did not know whether he was working within the boundaries of the servitude, and relied solely on the location of the conduits. After a review of the testimony, the conclusion is inescapable that no serious effort was made to define the legal perimeters of the work area. In view of the fact that the right-of-way was only twelve feet wide, its narrowness alone should have compelled a careful exercise of the servitude right. Thus, we concur with the trial judge that appellant not only committed a trespass, but did so negligently. We, therefore, affirm the trial court's holding that the St. Julien Doctrine is inapplicable and appellant's negligence subjects him to damages in tort.

ISSUES NOS. 3 & 4
Did the trial court err in assessing damages for land taken?
Appellate court review of a damage award is limited to determining whether the trial court abused its discretion. The record must establish, and this court must determine that the factual findings are not clearly wrong. Coco v. Winston Ind., Inc., 341 So.2d 332 (La.1977); Arceneaux v. Domingue, supra; Perniciaro v. Brinch, 384 So.2d 392 (La.1980).
*1238 Appellant herein asserts that the trial court erred in (1) using the $3.00 value per square foot in calculating the damages; and (2) that the court erred in portions of the damage judgment by including land not legally susceptible to damage claims by this plaintiff. The judgment divided the land damages into two sections. The first section related to damage for the property taken by the manholes. The second involves damage to the land between the manholes.
Appellant's first complaint relating to the $3.00 per square foot value used by the trial court in its calculations is without merit. The record reveals no evidence that the trial court abused its discretion in adopting this value proposed by appellee's real estate expert as opposed to the figure proposed by appellant's expert. In the absence of such a finding, that factual finding will not be disturbed. Perniciaro, supra.
On the second issue relating to the damages awarded for the property occupied by the manholes, we find that the trial court erred. The record reveals that the trial court correctly intended to exclude from consideration that portion of the property occupied by the conduits since that tortious act occurred prior to appellee's ownership. However, the trial court used an 8104 square foot figure taken from testimony of appellant's surveyor, which clearly included the conduit lines. The use of that figure was therefore manifestly erroneous. The evidence shows that the actual square footage was either 483 square feet or 686 square feet as testified to by the opposing expert real estate appraisers. Recalculating the damages for that portion of the judgment requires this court to reduce the award to the highest figure in the range available within the trial court's discretion. Coco v. Winston Ind., Inc., supra. Pursuant to the expert testimony, the highest figure in the range is $2,058. Consequently, the award is hereby reduced to that amount.
The next portion of the damage award refers to the property lying between the manholes. The trial court awarded $30,200 for past damages and appellant complains that this amount also included property occupied by the conduit. We believe that the trial court intended to and did exclude the property occupied by the conduit, but find that the judgment was incorrectly cast.
The first aspect of the judgment requiring clarification by this court on this issue is whether a new servitude was created. The trial judge used the latest right-of-way sale figure to assist him in calculating the amount of damages, analogizing the effect on the property to the creation of a servitude. In order to prevent any misunderstanding, we must state unequivocally that no "new" servitude was created as to the property occupied by the conduit, the property disturbed by the location of the manholes, or the property occupied by the manholes. Servitudes are established only in the manner provided by the La.Civil Code. When public utilities are involved, the St. Julien Doctrine may apply as well. Under these facts, the property is not subject to acquisition by prescription since the "servitude" is not apparent. LSA-C.C. art. 742, nor has it been acquired by title LSA-C.C. art. 739. And, as we stated earlier, the St. Julien Doctrine is inapplicable here.
Pertinent to the quantum award, the telephone company's illegal actions constitute a continuing trespass which continues as long as the offending objects remain on the premises. Joseph A. Neyrey, General Contractor, v. Louisiana Power and Light Co., supra. The judgment herein failed to recognize the continuing nature of the trespass. While we find that the award is excessive for past damages alone, it is an adequate rental for the past, present and future occupancy occasioned by the continuing trespass. We, therefore, affirm the award for $30,200, but do so for the reasons stated herein.

ISSUE NO. 5
Did the trial court err in awarding appellee $15,000 for damages for mental anguish and pain and suffering?
The final issue presented by appellant concerns the award of $15,000 damages to appellee for mental anguish and *1239 pain and suffering. It is clear such damages are recoverable in Louisiana in trespass actions. LSA-C.C. arts. 2315 and 2316. The trial court is afforded much discretion in awarding damages against a trespasser both for invasion of plaintiff's property right and the resulting mental anguish, humiliation and embarrassment. Beasley v. Mouton, 408 So.2d 446 (La.App. 1st Cir. 1981); Boswell v. Ray O. Martin Lumber Co., Inc., 363 So.2d 506 (La.1978). However, minimal and normal worry and inconvenience is not compensable. Farr v. Johnson, 308 So.2d 884 (La.App. 2d Cir.1975). The Farr court noted numerous cases where damages were awarded to persons whose property was damaged by intentional or illegal acts, acts giving rise to strict liability, or acts amounting to a continuing nuisance. Despite appellant's assertions to the contrary, appellee is legally entitled to the award since the trespass is a continuing nuisance. On the other hand, factually we can find no evidence to support the award given by the trial court. At most, the circumstances and testimony reveal minimal and normal distress. Since the trial court was manifestly erroneous in this determination, the award for mental anguish, pain and suffering and inconvenience is hereby vacated.
For the foregoing reasons, the judgment is recast to affirm liability and modify the award for damages as follows:
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:
Judgment is rendered in favor of David J. Vial and against South Central Bell Telephone Company in the amount of $2,058 for damage to land occupied by the manholes; and in the amount of $30,200 for past, present and future rentals occasioned by the continuing trespass, together with legal interest thereon from date of judicial demand until paid, plus all costs.
AFFIRMED IN PART, AMENDED IN PART, RECAST AND RENDERED.