505 So.2d 829 (1987)
William Alva REITZELL, et al., Plaintiffs-Appellees,
v.
Frank SPOONER, Defendant-Appellant.
No. 18509-CA.
Court of Appeal of Louisiana, Second Circuit.
April 1, 1987.
Writ Denied June 5, 1987.
*830 McKeithen, Wear, Ryland & Woodard by Russell A. Woodard & Cynthia T. Woodard, Columbia, for defendant-appellant.
Cameron C. Minard and Iley H. Evans, Columbia, for plaintiffs-appellees.
Before HALL, JASPER E. JONES and NORRIS, JJ.
HALL, Chief Judge.
William Alva Reitzell and his daughter, Onie Taylor, filed this suit for damages in trespass against appellant, Frank Spooner, alleging that appellant committed a trespass by causing a gas well to be drilled on property owned by them and that they have suffered damages as a result thereof. Reitzell died after suit was filed. The trial court rendered judgment in favor of Taylor for $4,222.00.
Appellant raises the following issues on appeal:
1. Whether an oil and gas lease operator, who did not participate in the surveying or drilling of a well, may be held responsible for damages resulting from the trespass caused by the drilling of that well by a third party; and
2. Whether the damages awarded by the trial court are excessive.
Appellant is an oil and gas lease operator who held a mineral lease on the James property located adjacent to property owned by Reitzell and Taylor. It was stipulated at trial that a gas well named Louisiana Central Minerals A-4 was drilled exactly on the property line between the James and Reitzell-Taylor properties. Appellant had previously contracted with Hogan Drilling Company to drill a gas well named Louisiana Central Minerals A-3 about 2,500 feet south of where A-4 was eventually drilled. Around September 9, 1980, Hogan drilled A-3 which had a show of gas. Appellant then contracted with Hogan to drill the A-4 well 1,320 feet northeast of A-3.
Hogan recommended that appellant use a surveyor named McCoy to stake the well. Appellant had never used McCoy before and does not employ him. Although McCoy correctly surveyed the location of the well on the James property and drew up a plat showing the location in accordance with this survey, he erred in physically staking the well on the dividing line of the James and Reitzell-Taylor properties. Appellant did not participate in nor supervise the surveying of the well and never visited the well site until the well was logged. However, appellant telephoned Hogan's president, Mr. Meredith, and informed him that the well had been staked and gave its general location. Appellant also forwarded the plat drawn by McCoy to Hogan. Hogan drilled the well at the incorrect, staked location.
Although appellant did not participate in the surveying, staking, or drilling of the well and had no knowledge that the well had been drilled at the wrong location, he is still answerable for the resulting damage because he caused or directed Hogan to drill the well at the staked location. LSA-C.C. Art. 2324. Regardless of whether appellant could be held vicariously liable for the acts of McCoy or Hogan or both, appellant is the person who engaged the services of McCoy to stake the well and then instructed Hogan to drill the well. While appellant may not have specifically told Hogan to drill at the staked location, he did inform Hogan that the well had been staked and gave the general location of the well site. The purpose of having McCoy stake the well was to show the precise location where Hogan was to drill. Under *831 these circumstances, appellant caused Hogan to commit a trespass on plaintiffs' property and, therefore, must respond in damages.
The trial court awarded a total of $4,222.00 in damages to appellee consisting of the following amounts: (1) $748.00 for damage to standing timber; (2) $924.00 for loss of future timber growth; (3) $1,550.00 for loss of land value; and (4) $1,000.00 for the continuing trespass caused by the pipe remaining in the ground. Contrary to appellant's argument, the trial court did not abuse his discretion in making this award which is supported by the record. However, the record indicates that the first three items of damages were calculated for the entire one acre of damaged property, half of which was owned by James and half by Reitzell and Taylor. Therefore, we reduce the first three items of damages totalling $3,222.00 by one-half to $1,611.00 for a total award of $2,611.00.

DECREE
The judgment of the district court is amended to decrease the award for damages from $4,222.00 to $2,611.00 and, as amended, is affirmed. Costs of the appeal are assessed to the appellant, Frank Spooner.
AMENDED AND AFFIRMED AS AMENDED.