851 So.2d 1185 (2003)
Suzanne Samuel BOOTH; Thomas Norris Samuel, III; Warren Guy Samuel and Jonathan Smith Samuel
v.
MADISON RIVER COMMUNICATIONS, INC.
No. 2002 CA 0288.
Court of Appeal of Louisiana, First Circuit.
June 27, 2003.
Rehearing Denied September 4, 2003.
*1187 Eugene A. Booth, Baton Rouge, Counsel for Plaintiffs/Appellees Suzanne Samuel Booth, Thomas Norris Samuel, III, Warren Guy Samuel, and Jonathan Smith Samuel.
Walter C. Dunn, Monroe, Counsel for Defendant/Appellant Madison River Communications, L.L.C.
Thomas C. McKowen, Baton Rouge, Counsel for Intervenors/Appellees Lynn Joseph Aldridge, Jr. and Carolyn Joyce Aldridge.
Before: FITZSIMMONS, GUIDRY, and PETTIGREW, JJ.
GUIDRY, J.
In this trespass action, appellant, Madison River Communications, L.L.C. (Madison River), appeals the trial court's judgment in favor of appellees, Suzanne Samuel Booth, Thomas Norris Samuel III, Warren Guy Samuel, Jonathan Smith Samuel, (collectively "Samuels") Lynn Joseph Aldridge Jr., and Carolyn Joyce Aldridge (collectively "Aldridges"). For the reasons that follow, we reverse in part, amend in part, and affirm in part as amended.

FACTS AND PROCEDURAL HISTORY
The instant controversy involves a fifty-foot wide tract of land located between U.S. Highway 61 and a parallel running railroad track to its west. Madison River applied for a permit from the Louisiana Department of Transportation and Development (DOTD) to lay fiber optic cable in DOTD's right of way between U.S. Highway 61 and the railroad track. DOTD granted the permit to Madison River to lay its cable in the most westerly five to six feet of the highway right of way, which westerly boundary was marked with DOTD concrete markers.
Madison River's installation process began in January 2000, and was completed in the summer of 2000. Sometime thereafter, Guy Samuel contacted Madison River to inform it that it laid the fiber optic cable and conduit on property owned by the Samuels. After several attempts by the Samuels to contact Madison River, the Samuels filed a petition for preliminary injunction, permanent injunction, and damages[1] on December 29, 2000. On May 21, 2001, a hearing on the rule for preliminary injunction was held, whereupon counsel informed the court that the rule was obviated upon stipulation of counsel, and the matter would proceed via ordinary process.
*1188 Thereafter, on August 15, 2001, the Aldridges filed a petition of intervention, asserting that they are the owners of property to the north of and adjacent to the property at issue in the instant litigation. As such, the Aldridges sought an order directing Madison River to remove its communication transmission system and restore the property to its original condition. Additionally, they sought damages for invasion, trespass, destruction of property, and resulting mental anguish.
A trial was held on November 7, 2001. In a judgment signed on November 28, 2001, the trial court found in favor of the Samuels and the Aldridges. The trial court further awarded the Samuels $90,000.00 in damages and $12,080.00 in attorney's fees. Additionally, the Aldridges were awarded $9,000.00 in damages and $3,000.00 in attorney's fees.

ASSIGNMENTS OF ERROR
On appeal from the trial court's judgment, Madison River does not dispute its liability for trespass, but rather, confines its alleged errors to the issues of damages and attorney's fees. In particular, Madison River asserts the following assignments of error:
1. The trial court's awards of general damages for trespass to plaintiffs and intervenors in the sums of $90,000 and $9,000, respectively, are so excessive that they constitute manifest error and are a clear abuse of the trial court's discretion.
2. The trial court erred in allowing plaintiffs and intervenors to introduce into evidence a copy of a letter... from Madison River's counsel to plaintiffs' offering to pay $5,000 for a thirty day continuance of plaintiffs' rule for preliminary injunction.
3. The trial court's awards of attorney[']s fees to plaintiffs and intervenors are contrary to law.

DISCUSSION

Damages
In an action for trespass, it is incumbent upon the plaintiff to show damages based on the result or consequence of an injury flowing from the act of trespass. Harrington v. Abshire, 98-1651, 98-1652, p. 8 (La.App. 3rd Cir.3/31/99), 732 So.2d 677, 682. The damages must be proved by a preponderance of the evidence, and this burden may be met by either direct or circumstantial evidence. Harrington v. Abshire, 98-1651, 98-1652 at 8, 732 So.2d at 682.
In Britt Builders, Inc. v. Brister, 618 So.2d 899, 903 (La.App. 1st Cir.1993), we previously outlined the damages to which a plaintiff in a trespass action is entitled:
A person injured by trespass is entitled to full indemnification for the damages caused. Where there is a legal right to recovery, but the damages cannot be exactly estimated, the courts have reasonable discretion to assess same based upon all of the facts and circumstances. Damages are recoverable even thought the tort-feasor acts in good faith.
Damages for dispossession are regarded as an award of compensatory damages for violation of a recognized property right and are not confined to proof of actual pecuniary loss. Anguish, humiliation, and embarrassment are appropriate considerations. Damages are recoverable for unconsented activities performed on the property of another, based on physical property damage, invasion of privacy, inconvenience, and mental and physical suffering. [Citations omitted.]
With regard to the amount of damages to be assessed against a trespasser, both for the invasion of the plaintiffs' property right and the resulting mental *1189 anguish, humiliation, and embarrassment, the trial court is afforded much discretion. Beasley v. Mouton, 408 So.2d 446, 448 (La.App. 1st Cir.1981). The role of an appellate court in reviewing damage awards is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trier of fact. It is only when the damage award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or decrease the award. Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1260-1261 (La.1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994).
In the instant case, the trial court issued lump sum damage awards to both the Samuels and the Aldridges. When such is the case, it is presumed that the judgment awards all the items of damage claimed. Prince v. Mattalino, 583 So.2d 541, 543 (La.App. 3rd Cir.1991). However, based on the record before us, we find that the trial court clearly abused its discretion in awarding $90,000.00 and $9,000.00 in damages to the Samuels and Aldridges, respectively.
It is unclear, from the record currently before us, how the trial court arrived at these figures. Madison River asserts, on appeal, that a letter sent by it to the Samuels, offering to pay $5,000.00 if the Samuels would agree to a thirty-day continuance, was wrongly admitted into evidence by the trial court, and that this offering formed the basis of the trial court's determination of damages. Because the trial court did not issue any reasons for judgment, we cannot say that this letter formed the basis of the trial court's decision on the damages issue. However, we agree that the trial court clearly abused its discretion in allowing this letter into evidence as support of damages suffered by the plaintiffs. While possibly relevant to the issue of ownership, a one time offering for a rental payment is not relevant to the issue of trespass damages suffered by either the Samuels or the Aldridges and therefore, the trial court erred in allowing this evidence to be admitted.
In determining that the trial court abused its discretion in awarding the above sums of damages, we begin by noting that there is no evidence in the record as to physical property damage for which the Samuels and Aldridges should be awarded damages. Mr. Richard Dour, the project engineer in charge of the cable installation on the Samuels' and the Aldridges' property, stated that all of the cable and conduit was removed as of July 14, 2001. Mr. Dour further stated that the condition of the property, as of the date of trial, was the same as it was prior to the construction. Therefore, the Samuels and the Aldridges are not entitled to any damages for physical damage to their property, as that item of damage was rendered moot by Madison Rivers' removal of the conduit and restoration of the property.
Additionally, the record is devoid of any evidence as to any mental anguish suffered by the Samuels or the Aldridges. Neither Guy Samuel nor Joseph Aldridge testified as to any mental anguish suffered by them, or by any of the other parties, as a result of Madison River's trespass on to their property. Therefore, we find that any damages awarded must have been for inconvenience and/or invasion of privacy. As such, based on the record before us, we find that the highest amount of damages that can be awarded to the Samuels and the Aldridges is $1,500.00 and $750.00 respectively. See Beasley v. Mouton, 408 So.2d at 449; Namie v. State, Department of Highways, 353 So.2d 1095, 1099 (La. *1190 App. 2nd Cir.1977), writ denied, 355 So.2d 264 (La.1978); Lowe v. Jones, 519 So.2d 379, 383 (La.App. 2nd Cir.), writ denied, 522 So.2d 1097 (La.1988). Further, because the Samuels collectively owned a one third interest in the property at issue, we reduce the $1,500.00 award by one third, to reflect their interest in the property. See Reitzell v. Spooner, 505 So.2d 829, 831 (La.App. 2nd Cir.), writ denied, 507 So.2d 227 (La.1987).

Attorney's Fees
As a general rule, it is well settled that attorney's fees are not allowed except when authorized by statute or contract. Koch v. Louisiana Power & Light Company, 298 So.2d 124, 129 (La.App. 1st Cir.), writ denied, 302 So.2d 17 (La.1974). The record contains no evidence that the Samuels or the Aldridges entered into a contract with Madison River, providing for attorney's fees, nor is there a statute that allows for recovery of attorney's fees in circumstances such as these.[2] Therefore, we find the court abused its discretion in awarding $12,080.00 and $3,000.00 in attorney's fees to the Samuels and the Aldridges, respectively.

CONCLUSION
For the foregoing reasons, we reverse the trial court's judgment to the extent that it granted attorney's fees to the Samuels and the Aldridges. We amend the remainder of the trial court's judgment, reducing the amount of damages awarded to the Samuels and the Aldridges to $1,500.00 and $750.00, respectively. All costs of this appeal are to be borne equally by the appellees half assessed to Suzanne Samuel Booth, Thomas Norris Samuel, III, Warren Guy Samuel, and Jonathan Smith Samuel; and half assessed to Lynn Joseph Aldridge and Carolyn Joyce Aldridge.
REVERSED IN PART, AMENDED IN PART, AFFIRMED IN PART AS AMENDED.
NOTES
[1] The Samuels sought damages for invasion, trespass, destruction of property, and resulting mental anguish.
[2] In brief, the parties address expropriation laws and the jurisprudence construing those laws to provide for attorney's fees. However, the instant case was one for trespass, not inverse condemnation. Therefore, we find these arguments to be inapplicable to the facts as contained in the record before us.